This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BANK OF NEW YORK MELLON, f/k/a**
**THE BANK OF NEW YORK AS TRUSTEE**
**FOR THE CERTIFICATEHOLDERS OF**
**CWABS 2004-05,**

　　Plaintiff-Appellee,

v.                                                                          **NO. 34,041**

**HARCHARAN SINGH,**

　　Defendant-Appellant,

and

**JANE DOE SINGH, GERARD P. GARCIA,**
**and TAXATION AND REVENUE DEPARTMENT**
**OF THE STATE OF NEW MEXICO**,

　　Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Beatrice J. Brickhouse, District Judge**

Little, Bradley & Nesbitt, P.A.
Sandra A. Brown
Albuquerque, NM

for Appellee

Harcharan Singh

Albuquerque, NM

Pro Se Appellant

# MEMORANDUM OPINION

**VANZI, Judge.**

{1}    Defendant Harcharan Singh (Homeowner), a self-represented litigant, appeals from the district court's order denying his motion to vacate the sale and to declare the default judgment in a foreclosure action against him void. In our notice of proposed summary disposition, we proposed to affirm. In response to this Court's notice, Homeowner filed a memorandum in opposition and the Bank of New York Mellon (the Bank) filed a memorandum in support, both of which we have duly considered. For the reasons stated in the notice of proposed disposition and below, we affirm.

{2}    In our notice, we proposed to hold that Homeowner, by defaulting rather than answering the complaint or amended complaint for foreclosure, admitted the allegations made therein. [CN 2, 4-5] We further proposed to hold that those allegations became the facts of the case and established the Bank's standing to bring the foreclosure action. [CN 2, 4-5, 7] We also noted that the Bank's attorney filed an affidavit and stated that her office possessed the indorsed note prior to filing the amended complaint but inadvertently failed to attach a copy of the indorsed note to

the amended complaint. [CN 5-6] Accordingly, we proposed to hold that because the Bank was in possession of the indorsed note prior to filing its amended complaint, it had standing to foreclose at the time it filed its amended complaint. [CN 6-7]

{3}     In Homeowner's memorandum in opposition, he makes broad assertions that our proposed disposition is not supported by New Mexico law [MIO 1, 3], but he fails to clearly point out errors in fact or law. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Homeowner maintains that the Bank lacked standing to foreclose and that standing can be raised at any time, including the first time on appeal. [*See generally* MIO]

{4}     As we discussed in our notice of proposed disposition, the amended complaint alleged that the Bank was a "holder" of the note—a term of art that carries with it the authority to enforce a note. [CN 2, 4-5] *See Bank of N.Y. Mellon v. Lopes*, 2014-NMCA-097, ¶ 10, 336 P.3d 443. Furthermore, the Bank alleged that the mortgage was assigned to it well before the date the foreclosure complaint was filed. [CN 2, 7] These admitted allegations, taken together, show that the Bank had the authority to enforce both the note and the mortgage at the time the foreclosure complaint was filed and thus also show that the Bank had standing to bring the foreclosure action. *See Bank*

*of N.Y. v. Romero*, 2014-NMSC-007, ¶ 17, 320 P.3d 1 (holding that for a plaintiff to establish standing to pursue foreclosure of mortgage, the plaintiff must establish it had timely ownership of both the note and the mortgage at the time the complaint was filed).

{5}     As detailed in our calendar notice, the procedural posture of this case is crucial. [CN 2-3] By defaulting rather than answering the foreclosure complaint, Homeowner admitted the facts necessary to establish the Bank's standing to pursue the foreclosure action. [CN 4] This puts Homeowner in an entirely different position than, for example, the defendant in *Lopes*, who objected to the plaintiff bank's standing during the foreclosure proceedings. 2014-NMCA-097, ¶ 2; *see also Romero*, 2014-NMSC-007, ¶ 6 (same). The plaintiff in *Lopes* had notice of the standing issue and therefore had an opportunity to present any evidence it might have had concerning standing; the Bank in this case was not put on notice of the issue and is entitled to rely on Homeowner's admission by default of the allegations made in the complaint. To hold otherwise would render meaningless the default judgment that was entered in this case. [RP 113]

{6}     To the extent that Homeowner opposes this Court's proposed disposition that the Bank's attorney possessed the indorsed note prior to filing the amended complaint, and therefore, the Bank had standing to foreclose at the time it filed its amended complaint, Homeowner has failed to meet his burden in opposing summary

affirmance. [MIO 3] *See Hennessy*, 1998-NMCA-036, ¶ 24 (stating that "the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law").

{7}     Therefore, for the reasons stated here and in our notice of proposed summary disposition, we affirm.

{8}     **IT IS SO ORDERED.**


_____

**LINDA M. VANZI, Judge**


**WE CONCUR:**


_____

**JAMES J. WECHSLER, Judge**


_____

**JONATHAN B. SUTIN, Judge**